UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| GALAHAD COMPANY, INC.<br>ALLEN D. HERTZ, and<br>ERIC L. HERTZ,<br><br>Plaintiffs,<br><br>v.<br><br>COOKSON AMERICA, INC.,<br>SPEEDLINE TECHNOLOGIES, INC.,<br>d/b/a CAMALOT and<br>FRY'S METALS INC., d/b/a<br>ALPHA METALS INC.,<br><br>Defendants. | CASE NO. 02-80155<br><br>CIV-RYSKAMP<br><br>MAGISTRATE JUDGE<br>VITUNAC |

**COMPLAINT**

Plaintiffs Galahad Company, Inc., Eric L. Hertz and Allen D. Hertz complain of defendants Cookson America, Inc., Speedline Technologies, Inc. and Fry's Metals Inc. (collectively "Cookson") as follows:

**The Parties**

1. Galahad Company, Inc. is a Florida corporation having a place of business at 12784 Tulipwood Circle, Boca Raton, Florida 33428.

2. Allen D. Hertz is a citizen of Florida and resides at 12784 Tulipwood Circle, Boca Raton, Florida 33428.

3. Eric L. Hertz is a citizen of Florida and resides at 125 Freddie Street, Indian Harbor

Beach, Florida 32937.

4. Allen Hertz and Eric Hertz are brothers and principals of Galahad.

5. Cookson America, Inc. is a Delaware Corporation having a place of business at 1 Weybossett Hill, Providence, Rhode Island 02903. Cookson America is a wholly owned subsidiary of Cookson Group, PLC, which is incorporated and located in the United Kingdom. Cookson America transacts business in Florida.

6. Speedline Technologies, Inc., d/b/a Camalot, is a Delaware Corporation having a place of business at 16 Forge Park, Franklin, Massachusetts 02038. Speedline is a wholly owned subsidiary of Cookson America, Inc. Speedline Technologies, Inc. transacts business in Florida.

7. Fry's Metals Inc. d/b/a Alpha Metals Inc., is a Delaware Corporation having places of business at One Cookson Place, Providence, Rhode Island 02903, 600 Route 440, Jersey City, New Jersey 07304, and 200 Technology Drive, Alpharetta, Georgia 30005. Alpha Metals is a wholly owned subsidiary of Cookson America. Fry's Metals Inc. transacts business in Florida.

**Jurisdiction And Venue**

8. Counts I and II of this Complaint are for patent infringement and arise under the patent laws of the United States, Title 35 of the United States Code. This Court has jurisdiction over the subject matter of Counts I and II under 28 U.S.C. § 1338(a). Venue in this district is proper under 28 U.S.C. §§ 1391(c) and 1400(b).

9. Count III of this Complaint is for the unlawful misappropriation of trade secrets and relates to the same subject matter as Counts I and II. This Court has supplemental jurisdiction over the subject matter of Count III under 28 U.S.C. §§ 1367(a) and 1338(b). Venue in this district is proper under 28 U.S.C. § 1391(c).



**LOTT & FRIEDLAND** • 355 Alhambra Circle • Suite 1100 • Coral Gables, Florida 33134
(305) 448-7089 telephone • (305) 446-4191 telecopier • dkfriedland@lfiplaw.com e-mail

10. Count IV of this Complaint is for breach of contract and relates to the same subject matter as Counts I, II and III. This Court has supplemental jurisdiction over the subject matter of Count III under 28 U.S.C. § 1367(a). Venue in this district is proper under 28 U.S.C. § 1391(c).

**Count I – Infringement Of U.S. Patent No. 6,202,918**

11. This claim is made by Galahad against Cookson. Galahad repeats and realleges each of the allegations set forth in Paragraphs 1 - 10 above as if fully set forth herein.

12. Galahad owns and has standing to sue for the infringement of U.S. Patent No. 6,202,918 ("the '918 patent"), which is entitled "Method and Apparatus for Placing Conductive Preforms" and was duly and legally issued by the United States Patent and Trademark Office on March 20, 2001. A copy of the '918 patent is attached at Exhibit A.

13. Cookson has infringed the '918 patent by making, using, selling, offering to sell and/or importing equipment covered by one or more claims of the '918 patent, including the "Matrixx" and "Matrixx II" products, and/or by practicing methods covered by one or more claims of the '918 patent.

14. Cookson has also actively induced and contributed to infringement of the '918 patent by third parties.

15. Cookson's acts of infringement have been, and are, willful, intentional and deliberate.

16. Cookson's acts of infringement will continue unless enjoined by this Court.

17. Galahad has been damaged by Cookson's acts of infringement and will continue to be damaged unless and until Cookson is restrained from its infringing activities by this Court.

**LOTT & FRIEDLAND** • 355 Alhambra Circle • Suite 1100 • Coral Gables, Florida 33134
(305) 448-7089 telephone • (305) 446-4191 telecopier • dkfriedland@lfiplaw.com e-mail

**Count II – Infringement Of U.S. Patent No. 6,230,963**

18. This claim is made by Galahad against Cookson. Galahad repeats and realleges each of the allegations set forth in Paragraphs 1 - 17 above as if fully set forth herein.

19. Galahad owns and has standing to sue for the infringement of U.S. Patent No. 6,230,963 ("the '963 patent"), which is entitled "Method and Apparatus Using Colored Foils for Placing Conductive Preforms" and was duly and legally issued by the United States Patent and Trademark Office on May 15, 2001. A copy of the '963 patent is attached at Exhibit B.

20. Cookson has infringed the '963 patent by making, using, selling, offering to sell and/or importing equipment covered by one or more claims of the '963 patent, including the "Matrixx" and "Matrixx II" products, and/or by practicing methods covered by one or more claims of the '963 patent.

21. Cookson has also actively induced and contributed to infringement of the '963 patent by third parties.

22. Cookson's acts of infringement have been, and are, willful, intentional and deliberate.

23. Cookson's acts of infringement will continue unless enjoined by this Court.

24. Galahad has been damaged by Cookson's acts of infringement and will continue to be damaged unless Cookson is restrained from its infringing activities by this Court.

**Count III – Trade Secret Misappropriation**

25. This claim is made by Allen Hertz, Eric Hertz and Galahad (collectively, "Plaintiffs") against Cookson. Plaintiffs repeat and reallege each of the allegations set forth in Paragraphs 1 - 24 above as if fully set forth herein.

26. Plaintiffs own and have standing to sue for the misappropriation of trade secrets developed by Allen Hertz and Eric Hertz relating to methods and equipment for placing solder balls on electronic pads on a component or substrate, such as for a ball grid array ("BGA") applicator (referred to herein as the "Trade Secrets").

27. On or around February 1997, Allen Hertz and Eric Hertz attended the National Electronic Production Conference ("NEPCON") in Anaheim, California where they conducted a confidential demonstration of equipment they had developed for placing solder balls on a substrate. Robin Rhodes, Cookson's Vice President - Marketing & Business Development, expressed an interest in the equipment. On or about April 2, 1997, Plaintiffs received a letter from Mr. Rhodes, stating as follows:

> I have discussed your product concept with Greg Miller....He is the person who would be responsible for arranging a distribution or OEM agreement.
>
> Greg will probably be in touch with you soon. You may contact him yourself directly ....
>
> I was very impressed with your product idea, and I know that Tom Edwards also expressed his enthusiasm for it to Greg. I believe that we can offer invaluable assistance to you in bringing this product to market quickly, and therefore, I urge you to work closely with Greg in exploring the multitude of possibilities that are available to us.

(Ex. C).

28. In response to this letter, Plaintiffs spoke with Greg Miller, Product Manager for Instruments for Alpha Metals. A meeting between Plaintiffs and Cookson was scheduled for April 28, 1997. On April 15, 1997, Plaintiffs sent Cookson a "Proprietary Invention Agreement" and

**LOTT & FRIEDLAND** • 355 Alhambra Circle • Suite 1100 • Coral Gables, Florida 33134
(305) 448-7089 telephone • (305) 446-4191 telecopier • dkfriedland@lfiplaw.com e-mail

requested that Cookson agree to and execute it prior to the meeting (Ex. D).

29. On April 28, 1997, Eric Hertz traveled to Cookson's offices in Alpharetta, Georgia for the meeting. Before the meeting, Eric Hertz and Cookson executed the Proprietary Invention Agreement (Ex. E). Pursuant to the Agreement, Eric Hertz confidentially disclosed the confidential technical and business information to Cookson during the meeting and over the next several months. These confidential disclosures included drawings, manuals, photographs, a video demonstrating the proprietary process and prototype equipment (hereafter, "Trade Secrets").

30. The meeting in Alpharetta lasted 5-6 hours. Cookson expressed great interest in the Trade Secrets and represented that it had no alternative solution for replacing solder balls on BGAs.

31. On or about November 1997, Cookson contacted Plaintiffs and represented that Cookson had no interest in the Trade Secrets and had decided not to enter the business of selling equipment to replace solder balls on BGAs.

32. On or about February 22, 1999, Plaintiffs attended NEPCON and saw that Cookson had introduced its "Matrixx" product for placing solder balls on BGAs. Cookson was conducting demonstrations of its "Matrixx" product, but these demonstrations were confidential and Plaintiffs were not permitted to see the equipment or obtain any technical information describing its design or operation.

33. Plaintiffs thereafter contacted Cookson to inquire whether Cookson had implemented any of Plaintiffs' Trade Secrets into the "Matrixx" equipment, and spoke with Robin Rhodes. Plaintiffs notified Mr. Rhodes that they had filed patent applications embodying their equipment and methods for placing solder balls on a substrate, and inquired whether Cookson wanted to obtain

rights to the technology. Mr. Rhodes expressed an interest in obtaining such rights and asked to see the applications.

34. On or about July 19, 1999, Eric Hertz held a conference call with Plaintiffs. In addition to Mr. Rhodes and Rick Berger (the former President of defendant Speedline), Cookson's outside counsel, Jason A. Mirabito and Thomas Sullivan of the law firm of Mintz Levin Cohn Ferris Glovsky and Popeo, were on the call. Cookson at no time advised Plaintiffs to include their attorneys on the call. Moreover, no one told Plaintiffs that, on or about October 8, 1998, Cookson had filed at least one patent application of its own relating to methods and equipment for placing solder balls on a substrate, naming Attorneys Mirabito and Sullivan as inventors. Attorneys Mirabito and Sullivan, and the other named inventors, had been given access to and studied Plaintiffs' Trade Secrets before this application was filed.

35. During the July 19, 1999 conference call, Plaintiffs expressed concern that Cookson had used their Trade Secrets in violation of the "Proprietary Invention Agreement." Messrs. Rhodes and Berger, and Attorneys Mirabito and Sullivan, indicated that they were unaware of the Agreement. Cookson, however, expressed an interest in obtaining rights to Plaintiffs' technology.

36. On or about August 2, 1999, Attorney Mirabito called Plaintiffs and requested copies of their pending patent applications so that Cookson could consider obtaining rights to Plaintiffs' technology. Attorney Mirabito represented that he and his colleague Attorney Sullivan would be serving as a "firewall" between Plaintiffs and Cookson and would assist Plaintiffs in reaching an agreement with Cookson. Based on these representations, Plaintiffs trusted Attorneys Mirabito and Sullivan. Unfortunately, Attorney Mirabito's representations were false and misleading. Attorneys

Mirabito and Sullivan were not a "firewall" between Plaintiffs and Cookson; they were co-inventors (along with Cookson employees) on the aforementioned patent application. Moreover, Attorneys Mirabito and Sullivan were not interested in assisting Plaintiffs; they were interested in illicitly obtaining Plaintiffs' Trade Secrets and other information to advance Cookson's and their own interests at the expense of Plaintiffs.

37. On or about August 26, 1999, Attorney Mirabito sent Plaintiffs a "Confidentiality and Non-Disclosure Agreement" to govern Plaintiffs' confidential disclosure of their Patent applications to Cookson so that Cookson could consider obtaining rights to Plaintiffs' technology. This Agreement was executed by Attorney Mirabito on August 26, 1999, and by Allen Hertz for Plaintiffs on August 30, 1999 (Ex. F). Plaintiffs and Attorney Mirabito also agreed that the terms of the April 1997 Proprietary Invention Agreement" were still enforceable. Plaintiffs thereafter sent all their pending patent applications to Attorney Mirabito, including the applications that eventually matured into the '918 and '963 patents, and the applications that eventually matured into Plaintiffs' U.S. Patents Nos. 6,029,966 and 6,264,187.

38. On or about September 14, 1999, Attorney Sullivan wrote Plaintiffs to request the filing dates and complete copies of the prosecution histories of Plaintiffs' patent applications so that Cookson could further consider obtaining rights to Plaintiffs' technology. Attorney Sullivan did not disclose that he was a co-inventor on Cooksons' patent application. The parties thereafter executed an agreement governing Plaintiffs' confidential disclosure of these documents (Ex. G), and Plaintiffs provided the file histories to Cookson.

39. On or about November 8, 1999, Attorney Mirabito wrote Plaintiffs on behalf of

**LOTT & FRIEDLAND** • 355 Alhambra Circle • Suite 1100 • Coral Gables, Florida 33134
(305) 448-7089 telephone • (305) 446-4191 telecopier • dkfriedland@lfiplaw.com e-mail

Cookson stating that Cookson was not interested in obtaining rights to Plaintiffs' technology.

40. On or about December, 22, 2000, Plaintiffs became aware of Cookson's PCT patent application naming Attorneys Mirabito and Sullivan as co-inventors (Ex. H). Plaintiffs obtained a copy of the application and discovered that it incorporated many of the Trade Secrets they had confidentially disclosed to Cookson beginning in 1997. Plaintiffs thereafter obtained information on Cookson's "Matrixx" products and discovered that those products incorporate the Trade Secrets they had confidentially disclosed to Cookson, as well.

41. The materials and information disclosed by Plaintiffs to Cookson beginning in April 1997 -- including, without limitation, drawings, manuals, photographs, videos demonstrating the proprietary process and prototype equipment disclosed in connection with the April 28, 1997, meeting in Alpharetta, Georgia and Plaintiffs' then-pending patent applications -- constitute and/or constituted trade secrets under the common law and the Florida Uniform Trade Secrets Act, Fla. Stat. § 688.01, *et seq.* The materials and information were not generally known or available to others. Allen Hertz and Eric Hertz created and developed, and took reasonable steps to protect the confidentiality of, the materials and information before and after making confidential disclosures to Cookson.

42. Cookson, without authority, used and disclosed the trade secrets by, among other things, implementing them into the "Matrixx" products. This use and disclosure of the trade secrets provided Cookson with valuable technical, business and economic advantages not available to others. Attorneys Mirabito and Sullivan aided and abetted these unlawful acts.

43. Cookson's use and disclosure of the trade secrets constituted misappropriation, which

**LOTT & FRIEDLAND** • 355 Alhambra Circle • Suite 1100 • Coral Gables, Florida 33134
(305) 448-7089 telephone • (305) 446-4191 telecopier • dkfriedland@lfiplaw.com e-mail

has substantially and irreparably harmed Plaintiffs. Plaintiffs are entitled to recover damages for Cookson's unauthorized use and disclosure of the trade secrets based on the benefits received and enjoyed by Cookson. Plaintiffs have suffered actual loss caused by Cookson's misappropriation. Plaintiffs are also entitled to the unjust enrichment caused by Cookson's misappropriation that is not taken into account in computing actual loss.

## Count IV – Breach Of Contract

44. This claim is made by Plaintiffs against Cookson. Plaintiffs repeat and reallege each of the allegations set forth in Paragraphs 1 - 43 above as if fully set forth herein.

45. On or about April 28, 1997, Cookson entered into a "Proprietary Invention Agreement" with Plaintiffs (Ex. D).

46. Cookson agreed in the Proprietary Invention Agreement, among other things: to maintain in confidence all materials and technical information disclosed by Plaintiffs; not to use the materials and technical information for any purpose other than to evaluate its interest in obtaining rights thereunder; and not to disclose or otherwise make available the materials and information to any person for a period of five years after receipt of the materials and information (Ex. D).

47. Cookson breached the Proprietary Invention Agreement by using, without authorization, the materials and information disclosed in confidence by Plaintiffs. Attorneys Mirabito and Sullivan aided and abetted these unlawful acts.

48. As a result of Cookson's breach of the Proprietary Invention Agreement, Plaintiffs suffered damages and Cookson was unjustly enriched.

**WHEREFORE,** Plaintiffs demand a judgment as follows:

**LOTT & FRIEDLAND** • 355 Alhambra Circle • Suite 1100 • Coral Gables, Florida 33134
(305) 448-7089 telephone • (305) 446-4191 telecopier • dkfriedland@lfiplaw.com e-mail

With respect to **Count I** for patent infringement:

A. A preliminary and permanent injunction prohibiting Cookson and all those in active concert or participation with Cookson from further acts of infringement of the '918 patent;

B. An award to Galahad of such damages as it shall prove at trial against Cookson after a full accounting for all damages suffered by Galahad by the unlawful conduct that has occurred, such damages to be no less than a reasonable royalty;

C. A determination that Cookson's infringement has been willful and an award to Galahad of increased damages pursuant to 35 U.S.C. § 284, together with prejudgment interest;

D. An award to Galahad of the costs of this action and Galahad's reasonable attorneys' fees; and

E. Such other relief as this Court and/or a jury determines to be proper and just.

With respect to **Count II** for patent infringement:

A. A preliminary and permanent injunction prohibiting Cookson and all those in active concert or participation with Cookson from further acts of infringement of the '963 patent;

B. An award to Galahad of such damages as it shall prove at trial against Cookson after a full accounting for all damages suffered by Galahad by the unlawful conduct that has occurred, such damages to be no less than a reasonable royalty;

C. A determination that Cookson's infringement has been willful and an award to Galahad of increased damages pursuant to 35 U.S.C. § 284, together with prejudgment interest;

D. An award to Galahad of the costs of this action and Galahad's reasonable attorneys'

**LOTT & FRIEDLAND** • 355 Alhambra Circle • Suite 1100 • Coral Gables, Florida 33134
(305) 448-7089 telephone • (305) 446-4191 telecopier • dkfriedland@lfiplaw.com e-mail

fees; and

E. Such other relief as this Court and/or a jury determines to be proper and just.

With respect to **Count III** for the misappropriation of trade secrets:

A. An award to Plaintiffs of compensatory damages in accordance with Fla. Stat. § 688.01, *et seq.*, including, without limitation, damages for actual losses suffered by Plaintiffs and Cookson's unjust enrichment;

B. An award to Plaintiffs of punitive damages in accordance with Fla. Stat. § 688.01, *et seq.*; and

C. An award to Plaintiffs of their reasonable attorneys' fees in accordance with Fla. Stat. § 688.01, *et seq.*

With respect to **Count IV** for breach of contract, an award of compensatory damages and damages for Cookson's unjust enrichment.

**Jury Demand**

Plaintiffs hereby demand a trial by jury on all issues triable to a jury in this case.

Date: February 19, 2002

Respectfully submitted,

**LOTT & FRIEDLAND, P.A.**

David K. Friedland

Leslie J. Lott
Florida Bar No. 182196
David K. Friedland
Florida Bar No. 833479
Post Office Drawer 141098
Coral Gables, Florida 33114
(305) 448-7089
(305) 446-6191 telecopier

Raymond P. Niro
David J. Sheikh
NIRO, SCAVONE, HALLER & NIRO
181 W. Madison St., Ste. 4600
Chicago, IL 60602
Ph: (312) 236-0733
Fax: (312) 236-3137

Attorneys for Plaintiffs Galahad Company,
Allen D. Hertz and Eric L. Hertz

# ATTACHMENTS NOT SCANNED

- ☐ LEGAL SIZE DOCUMENTS
- ☐ LARGE EXHIBITS
- ☐ DOUBLE SIDED DOCUMENTS
- ☐ EXTRADITION DOCUMENTS
- ☐ BOUNDED AND/OR TABBED PURSUANT TO LOCAL RULE 5.1.A.2.(b)
- ☐ OTHER ______________________

PLEASE REFER TO COURT FILE